THOMAS GILLERAN, Respondent, *v.* ALBERT S. OWENS, Appellant, Impleaded with THOMAS E. COLBY and Others, Defendants.

First Department, April 5, 1918.

**Bills and notes — pledge of securities to secure payment of note — payments to pledgee on collateral operate as payments upon note — transfer of note after maturity — defenses — when maker not entitled to injunction restraining action upon note — limitation of actions — certificates of corporation issued under seal — when discontinuance of suit upon certificates will not be enjoined.**

Where the maker of a promissory note transferred certain certificates of a corporation as security for payment, which certificates, together with the note, were transferred after the maturity of the note, any payment on said certificates made to the transferee operated as a payment upon the note and would constitute a defense in an action against the maker.

Where a note is transferred after maturity it is subject to any defense which might exist if the note were still in the hands of the original payee.

As the maker of said note has the defense of payment aforesaid, which could be asserted in an action on the note, he is not entitled to maintain a suit for an injunction to restrain the holder of the note from prosecuting a legal action thereon.

Allegations by the maker of the note that the instrument was to be paid out of the proceeds of said certificates, or out of other moneys payable to him upon a judgment, do not constitute a defense because the alleged agreement would contradict the terms of the note itself.

Where the certificates of a corporation pledged as collateral bear the corporate seal the period of the Statute of Limitations thereon is twenty years, and hence the pledgor is not entitled to an injunction restraining the discontinuance of an action on said certificates brought against the corporation which issued them by the pledgee upon the theory that if the action is discontinued the shorter Statute of Limitations will bar a recovery on the certificates.

The holder of a note secured by collateral may sue upon the note before resorting to the security, or, if action be commenced to enforce the security, he may discontinue that action and proceed to judgment upon the note, if no right of the pledgor is thereby forfeited.

APPEAL by the defendant, Albert S. Owens, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of February, 1918, granting a temporary injunction herein.

*Daniel Day Walton* of counsel [*Harold S. Deming, William O. Hubbard* and *Lemuel Bannister* with him on the brief; *Gwinn & Deming,* attorneys], for the appellant.

*Roger Foster,* for the respondent.

SMITH, J.:

A temporary injunction herein restrained Albert S. Owens from prosecuting an action at law upon a promissory note made by the plaintiff to the trustees of the Yellow Pine Company and by them assigned to said Owens. The note to the trustees was for the payment of the sum of about $25,000 four months from date. That note was several times renewed and finally was transferred to Owens after the renewal became due, and the action upon the note was commenced against Gilleran in Oneida county. The order also enjoined Owens from discontinuing an action brought by one Norton against the Springfield-Long Island Cemetery Society. That action was brought to recover moneys due upon certain certificates theretofore issued. This plaintiff had formerly been the owner of some land which was purchased by this

cemetery association, and in exchange for the land was given about $460,000 face value of certificates of said corporation, which certificates provided for the payment to the holder thereof of the face value from one-half of the gross proceeds of the land sold. These certificates had been transferred to the trustees of the Yellow Pine Company as security for this note made by plaintiff to these trustees. The assignment however, was taken in the name of Norton, as assignee, and this action against the society was brought in the name of Norton in behalf of the trustees of the Yellow Pine Company to recover moneys due upon this collateral. Upon the assignment of the note to Owens, the title to these certificates, which were held as collateral to the note, also passed. Norton afterwards died, and Owens, the assignee of the note, was substituted in the action. He made application to discontinue this suit against the cemetery association. This injunction restrains him from discontinuing that action.

One Thomas E. Colby was a large owner of certificates of this cemetery association. He had loaned large sums of money to the plaintiff and he held at one time this $460,000 of certificates as collateral to this loan. He proceeded to sell the notes of the plaintiff, and it was for the purchase of these notes that the plaintiff borrowed these moneys from the trustees of the Yellow Pine Company, and upon their purchase by the plaintiff he gave his note to the Yellow Pine Company and delivered to them, or to Norton in their behalf, these certificates of indebtedness of the cemetery association. While the complaint alleges some defenses to the note that are without merit, it does in fact allege one defense which is substantial. It alleges that Owens did not purchase in his own behalf but purchased in behalf of Colby, and that the moneys paid by the trustees of the Yellow Pine Company were the moneys of the cemetery association due to the plaintiff upon these certificates. If this be true, then the note has been paid by the application of collateral and is not a valid outstanding obligation as against the plaintiff.

As to this defense of payment out of the moneys of the cemetery society, however, this plaintiff has clearly a remedy in the action brought upon the note. That note was transferred after maturity and is subject to any defense which

might exist if the note were still in the hands of the original payee. This plaintiff does not need this injunction against the prosecution of this action upon the note in order to enable him to present his defense fully and completely. He also alleges in his complaint that it was agreed that this note should be paid out of the proceeds of these certificates, or out of the moneys which he claimed were payable to him in compensation for services in a claim which had been put in judgment against the State of New York for a large amount of money and upon which judgment he had an attorney's lien. But these defenses are clearly defective, because such an agreement would be held to contradict the terms of the note itself. It is pleaded further that at the time of the giving of the note the Yellow Pine Company was indebted to him in the sum of about $18,000, but if true, that defense is still available to him in defense of the note. Plaintiff is clearly entitled to his judgment upon the note, irrespective of the plaintiff's equity in this collateral, if the note has not been paid by cemetery moneys belonging to plaintiff.

These certificates were dated in July, 1910. They provide for the payment of six per cent interest and for the payment of a proportionate part of one-half of the gross proceeds of sales every six months. No payments have been made thereupon. The order enjoins Owens from discontinuing the action against the cemetery association to recover upon these certificates. The plaintiff's claim to equitable relief in respect of this action is that if the action is discontinued, the Statute of Limitations will have run against part of the claims represented by the certificates. If this be true, then the plaintiff would be entitled to this injunction, because the suit brought by Norton was for the benefit both of the pledgor and pledgee. But the certificate recites that the corporate seal has been attached. The Statute of Limitations would not run against moneys due thereupon until the expiration of twenty years from the due date. No remedy of the plaintiff would, therefore, be imperilled by such discontinuance. The holder of a note thus secured may sue upon the note before resorting to the security, or, if action be commenced to enforce the security he may discontinue that action and proceed for judgment upon his note if no right of the pledgor is thereby forfeited.

No other equitable ground is alleged for restraining the discontinuance of that suit, and it follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., PAGE, DAVIS and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Motion to dismiss appeal denied.