THE MOTOR CAR EQUIPMENT COMPANY, Respondent, *v.* JAMES A. ABELES and Others, Defendants, Impleaded with CLIFFORD ABELES, Appellant.

First Department, April 30, 1920.

**Equity — when prosecution of action on promissory notes will not be enjoined — adequate remedy at law.**

In a suit to set aside a settlement on the ground of fraud and for the cancellation of promissory notes given thereon, the plaintiff is not entitled to a preliminary injunction against the defendant restraining him from prosecuting an action on the notes, since the plaintiff has an adequate remedy at law, for he may set up any fraud in the procurement of the notes as a complete defense.

APPEAL by the defendant, Clifford Abeles, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the county of New York on the 6th day of February, 1920, granting a preliminary injunction in an action in equity to vacate and set aside a transaction between the plaintiff and one James A. Abeles upon the 30th of January, 1919, on the ground of fraud and for an injunction against the defendant from prosecuting an action

upon two notes executed by the plaintiff in the hands of said Clifford Abeles.

*Charles S. Fettretch,* for the appellant.

*Howard C. Lake,* for the respondent.

SMITH, J.:

In January, 1919, one James A. Abeles was the vice-president and general manager of the plaintiff. His father, Julius D. Abeles, was a stockholder, as was Alfred T. Abeles, a brother, and the defendant Clifford Abeles was both a stockholder and director. In fact, James A. Abeles, at that time, seemed to be in full control of the corporation. About that time the control passed to others. James A. Abeles owned certain stock of the corporation as did others of his family heretofore mentioned, including this defendant. Some of his stock was common, some preferred stock. There were claims against the corporation by James A. Abeles and in favor of the corporation against other members of the family, before mentioned. Upon the 30th day of January, 1919, one Taussig, representing the plaintiff, and James A. Abeles came together and it was agreed that all other claims should be canceled and James A. Abeles should procure from his family an assignment of all the stock that they owned and that $4,000 should be paid to Abeles for the cancellation of his contract with the corporation and $32,000 should be paid for the shares of stock belonging to the said James A. Abeles and his family and such payment to be made first by a check of $10,000 and then by three notes, for $8,000, $8,000 and $10,000, payable in sixty, ninety and one hundred and twenty days after February 1, 1919.

On January thirty-first James A. Abeles delivered his resignation, surrendered the various certificates of stock held by himself and his family and received the check and notes above mentioned. At that time James A. Abeles delivered to the respondent a receipt for the check and notes which contained the following provision: " With these checks and notes I herewith release the Motor Car Equipment Co. and Walter M. Taussig from any claims from me for compensation or claims by me against the Motor Car Equipment Co. or

First Department, April, 1920.     [Vol. 191.

Walter M. Taussig, and guarantee that there are no other claims against the Motor Car Equipment Co. contracted by me which are not on the books of records of the company as per this date."

The $10,000 check was cashed and one of the $8,000 notes was paid at its maturity. The two remaining notes, one for $8,000 and one for $10,000, were not paid at maturity and were assigned first to the father, Julius D. Abeles, and afterwards to the defendant Clifford Abeles, who brought an action at law upon these notes. When these actions were about ready for trial this plaintiff brought this equity action, alleging that this settlement by James A. Abeles was made, not only for himself, but as agent for the other members of his family, including the defendant Clifford Abeles, and alleging that the settlement was induced by false representations made by James A. Abeles as to certain items of credit to which James A. Abeles claimed to be entitled, and as to certain items of debit from him to the company, and as to other matters material to the settlement. General relief was asked that there be an accounting between them, that these notes be canceled as having been obtained by fraud, and the plaintiff offered to return the stock or such part thereof as might be deemed equitable, and as required by the final decree of the court.

In this action the plaintiff has obtained this preliminary injunction which, among other things, enjoins the defendant Clifford Abeles from prosecuting the actions at law upon the notes. The defendant Clifford Abeles made a motion to set aside the temporary injunction which has been denied, and it is from this denial that this appeal has been taken.

I am unable to see how any right in equity is here alleged. Upon the allegations of the complaint, the plaintiff has an adequate remedy at law in defense of these notes in that action. He alleges that in the whole transaction James A. Abeles acted as agent of defendant Clifford Abeles and of all other members of his family, and was guilty of this fraud. If that be a fact, then there can be no *bona fide* holding of these notes and the plaintiff may set up any fraud in the procurement of the notes as a complete defense thereto. This would seem to be in accord with our holding in *Gilleran* v.

*Owens* (182 App. Div. 580); *Ætna Explosives Co., Inc.,* v. *Bassick* (176 id. 577); *Gillette Clipping Machine Co.* v. *Elting* (170 id. 185).

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.