LORDI CONSTRUCTION CO., INC., Appellant, *v.* GEORGE F. ARMSTRONG and Others, Respondents.

Supreme Court, Appellate Term, First Department, December 20, 1927.

**Bills and notes — defenses — action on promissory note against indorsers — that indorsers were accommodation indorsers is not defense — defense of execution of agreement extending term insufficient in absence of allegation showing valuable consideration — counterclaim in favor of maker against payee is not available to indorser.**

In this action on a promissory note brought against the indorsers thereof and in which the maker is not made a party, the fact that said indorsers were accommodation indorsers is not a defense.

A further defense that there was executed an agreement which extended the terms of liability and thus discharged the indorsers, is insufficient in the absence of any allegation showing that the agreement was for a valuable consideration.

Defenses which undertake to set up counterclaims in favor of the maker against the payee are not available to defendants since such defenses are not available to an indorser or a guarantor.

APPEAL by plaintiff from an order of the City Court of the city of New York, county of New York, denying its motion to strike out four affirmative defenses.

*Shlivek & Brin* [*Saul S. Brin* of counsel], for the appellant.

*Milton Elias Schattman* [*Woolsey A. Shepard* of counsel], for the respondents.

PER CURIAM. The action is on a note. The maker is not joined in the action, which is brought against the indorsers only.

The first separate defense, which is to the effect that the indorsers were accommodation indorsers, need not receive any consideration, as this is not a defense. The third is that the plaintiff and the maker have entered into an agreement extending and qualifying the terms of liability and have thus discharged the indorsers. There being no allegation that the agreement was for a valuable consideration, nor that the defendants were ignorant thereof, the allegations of the defense are insufficient.

The second and fourth defenses undertake to set up counterclaims in favor of the maker against the payee. It seems unnecessary to discuss this point in view of the settled law that such defense or counterclaim is not available to an indorser or guarantor. (*American Guild* v. *Damon*, 186 N: Y. 360; *Consolidated Steel Corp.* v. *Pressed Steel Car Co.*, 118 Misc. 480.)

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave, however, to defendants to plead over as to the third defense within six days after service of order entered hereon on payment of said costs.

All concur; present, BIJUR, LEVY and CRAIN, JJ.