DAVID L. KOSATZKY, Plaintiff, v. COURTLAND T. ROBINSON and Another, Defendants.

Supreme Court, Schenectady County, August 28, 1928.

Bills and notes — accommodation indorser — motion for summary judgment under Rules of Civil Practice, rule 113 — defense that plaintiff accepted stock as security and that same was transferred to his name — further defense that one defendant was accommodation indorser for other — contract as to stock was one of pledge — defenses are insufficient.

The plaintiff sues on a promissory note made by one of the defendants and indorsed for his accommodation by the other. The defendants have pleaded defenses that certain stock was assigned to the plaintiff as security and that it was transferred upon the books of the corporation to the name of the plaintiff, and that, therefore, the note has been paid. The agreement, however, provides for the transfer "for the purpose of effecting such security."

The motion by the plaintiff for summary judgment under rule 113 of the Rules of Civil Practice is granted, since the agreement in reference to the stock is one of pledge and the plaintiff has the right to resort to the primary liability imposed upon the defendants before resorting to the security.

Furthermore, the contention by the accommodation indorser that there was no consideration is not valid, for it appears that the accommodation indorser is the wife of the defendant maker, and that she signed the note prior to its

delivery to the plaintiff for the accommodation of her codefendant, and her indorsement was, therefore, in consideration of the extension of credit to her codefendant.

MOTION by plaintiff for summary judgment under rule 113 of the Rules of Civil Practice.

*James C. Cooper [Jacob M. Frankel* of counsel], for the plaintiff.

*Robert W. Fisher,* for the defendants.

BREWSTER, J. This action is to recover on defendants' three months' promissory note in the sum of $5,000. The complaint contains the usual necessary allegations as to the making, delivery and ownership of said note, its protest, and non-payment.

By their amended answer, defendants allege that on or about July 1, 1927, the defendant Courtland T. Robinson became indebted to plaintiff in the sum of $5,000, and to secure same assigned to plaintiff certain shares of corporate stock, " and as supplemental to such agreement, and as solely for the accommodation of the plaintiff, and without any consideration therefor, said defendants made and executed " a certain promissory note, which they delivered to the plaintiff, and of which the note sued upon is a renewal.

Plaintiff moves for summary judgment, under rule 113 of the Rules of Civil Practice, on his affidavit verifying his cause of action, stating the amount claimed and his belief that there is no defense to the action.

I do not deem that the defendants have shown facts sufficient to entitle them to defend. Both originals of the agreement between the plaintiff and the defendant Courtland T. Robinson, which is referred to in the latter's affidavit in opposition to the motion, have been presented, and from these it clearly appears that on July 1, 1927, the defendant Courtland T. Robinson, for the consideration named, became lawfully indebted to plaintiff in the sum of $5,000, and as security therefor he agreed to assign to the plaintiff certain shares of corporate stock, and consented to its transfer on the books of the corporation " for the purpose of effecting such security." And the agreement further recites that the plaintiff " agrees to receive and hold said stock as security for such indebtedness, and to reassign same to the party of the first part at such time as said indebtedness is paid." It is also clear that the " $5,000 note, with interest," which the agreement stipulated was also to be " assigned " by said defendant to plaintiff, is the note, a renewal of which is the one sued upon, and that it was given in consideration of and to evidence the indebtedness in question, and that the defendant Lulu M. Robinson signed the same prior to its delivery to the plaintiff for the accommodation of her codefendant.

The defendants' averments and arguments founded thereupon to the effect that the transaction constituted an absolute sale of said corporate stock, which extinguished the debt subject to its revival on a defeasance, or that it was a sale of the stock on conditions which suspended the enforcement of the collection of the debt, and was, therefore, in the nature of a mortgage, and was not a pledge, cannot prevail, since they are predicated upon a parol variation, and, it seems, in some respects, a contradiction of the plain terms of the agreement referred to. (*Cornell Co.* v. *McKiever*, 214 App. Div. 738.) The fact that the agreement provided for the transfer of the stock to the plaintiff on the books of the corporation, and thereby divested the debtor of the legal title thereto, does not prevent the constitution of a pledge, since the right of the debtor to the restoration of his property upon the payment of his debt was expressly saved in the agreement. (*Wilson* v. *Little*, 2 N. Y. 443, 446, 447.)

I fail to see how there can be any other interpretation of the said agreement of July 1, 1927, than that it was one which acknowledged a lawful debt owing to plaintiff from the defendant Courtland T. Robinson, and provided for the assignment and transfer of the stock as stipulated as security for the payment thereof, and which debt is now evidenced by the note sued upon. Accordingly the contract was one of pledge, and the plaintiff holder of the note thus secured may maintain his action on the primary debt before resorting to the security. (*Gilleran* v. *Owens*, 182 App. Div. 580, 583; *Reusens* v. *Arkenburgh*, 135 id. 75, 78.)

Therefore, plaintiff's motion is granted, defendants' answer stricken out, and judgment directed for the sum demanded in the complaint, with costs and the costs of this motion.