EMMA L. RHINOCK, as Executrix, etc., of JOSEPH L. RHINOCK, Deceased, Appellant, *v.* EDWARD F. SIMMS, Respondent.

First Department, June 7, 1929.

*John G. Saxe* of counsel [*Holm, Whitlock & Scarff*, attorneys], for the appellant.

*John W. Davis* of counsel [*Russel S. Coutant* with him on the brief; *Harold G. Hathaway*, attorney], for the respondent.

MERRELL, J.  The action was to recover upon a promissory note concededly made by the defendant to the order of the plaintiff's husband. The note was an ordinary promissory note, dated January 28, 1926, and provided that three months after date the defendant promised to pay to the order of plaintiff's husband $51,400.22 at the Empire Trust Company, Hudson Branch, Thirty-ninth street and Broadway, New York city, for value received. Plaintiff in the complaint alleged the making and delivery of the note, its presentment, refusal of payment, protest and non-payment, except that $5,000 was paid thereon on March 24, 1927.  Plaintiff alleges the death of the payee, and that she is the sole executrix of his estate.

The defendant in his answer put in issue all of the allegations of the complaint, " except that he admits that on or about March

24, 1927, he paid the plaintiff the sum of $5,000 on account of said alleged note." Affirmatively the defendant alleges in his answer that " heretofore and on or about March 4, 1927, defendant paid the sum of $5,000 on account of said alleged note." The date of said payment is evidently erroneously stated as March fourth, when it should have been March 24, 1927. The defendant in his answer as a second defense pleads a conditional delivery of the note. The defendant alleges in said defense that on January 28, 1926, when said note was made, the testator's son, Frank P. Rhinock, presented to defendant a letter from the testator containing a statement of account between the testator and the defendant and showing a balance of $51,400.22 due from defendant to testator and requested of defendant a note in the amount of said net balance, to wit, $51,400.22; that the testator's said son, at defendant's request, signed and delivered to defendant at that time a letter in the following form:

" Mr. E. F. Simms:

" Dear Sir: This acknowledges you have handed me today your three months note for $51,400.22 payable to the order of Joseph L. Rhinock at Empire Trust Co., Hudson Branch, 39th & Broadway, in settlement of account on reverse side this sheet. I will hand you back your note for $30,000.00 mentioned in said account, when same is made which I am to do from proceeds of note of $51,400.22 executed herewith.

" I understand you have some items of account of moneys spent in connection with matters J. L. Rhinock and yourself have been interested in which you have paid which are to be later settled. On return of J. L. Rhinock will furnish you complete details of within statement. Yours truly,

" *Jan.* 28*th*, 1926. (Signed) FRANK P. RHINOCK."

Defendant alleges that " thereupon, the defendant pursuant to said agreement and not otherwise " made and delivered the note in suit. The defendant contends that delivery of the note under such circumstances was conditional, and that the defendant was entitled to credit for all moneys spent, and that defendant has spent large sums of money which were properly deductible from the amount of the note, and that there was a failure on the part of the son to comply with the conditions mentioned in the agreement, and that the son failed to furnish defendant with complete details of his statement of the account. No counterclaim or defense of setoff is alleged in the answer of the defendant.

At the trial the court permitted the defendant, over objections and exceptions duly taken by plaintiff, to state alleged additional

details of the conversation which occurred between the defendant and the son prior to the execution of the note in suit. At the close of the defendant's case counsel for plaintiff moved to strike out the testimony of all conversations by defendant with Frank P. Rhinock on the ground that it appeared that such conversations were embodied and merged in the letter which the defendant had prepared and which was signed by the son of plaintiff's testator. This motion was denied and an exception duly taken in behalf of plaintiff.

On March 4, 1927, attorneys representing the plaintiff herein, as executrix, wrote the defendant a letter demanding payment of the amount of the promissory note in suit, with interest, and threatening suit unless the same be paid within two weeks. On March 10, 1927, the defendant telegraphed the plaintiff as follows:

" WESTERN UNION TELEGRAM
" New York NY 10
" 1927 Mar 10 PM 11 49

" Mrs. EMMA L. RHINOCK
" 4121 Wilshire Blvd., Los Angeles, Calif.

" Dear Mrs. RHINOCK.— Bloomberg and Bloomberg on Mar 4 advised me they had instructions to institute suit on the note I gave Joy within two weeks of that date stop I called them today and told them I had seen you about that claim and understood it could be extended until after middle of this coming August when I had my sale at Saratoga and could be in position to meet the matter unless in the meantime the consummation of my pending affairs would allow me to do so stop It will not jeopardize or delay your interest to extend me this accommodation. In fact not to do so will only result in embarrassment to me which I do not believe you would wish to occasion stop Please wire me a message that I can give your lawyer that will confirm this arrangement stop They say it rests entirely with you Hoping you and yours are well and with regard 63 Wall St care of R. R. Rogers
" E F SIMMS."

This telegram, received by plaintiff, was forwarded to her attorney. On March 24, 1927, the defendant telephoned plaintiff's attorney and made an appointment to see him. An interview was arranged and on March 24, 1927, the defendant paid to the attorney the sum of $5,000 by five checks of $1,000 each, and took back the following receipt:

" Received from Edward F. Simms, five checks of One thousand ($1,000) Dollars each, to be applied on account of principal and interest of note payable to the order of Joseph L. Rhinock, dated

January 28th, 1926, for the sum of Fifty-one thousand four hundred and 22/100 ($51,400.22) Dollars; balance of claim to be paid on or before the end of August, 1927.

" Dated, NEW YORK, *March 24th*, 1927."

The plaintiff, appellant, contends that the trial was not a fair one, and suggests several instances in which the trial justice erred in the reception of evidence and in the conduct of the trial. Inasmuch as, in our view, no valid defense was interposed at the trial justifying the submission of any question of fact to the jury, it will be unnecessary to pass upon the alleged errors which might result in granting a retrial. We think, under the evidence, that it clearly appeared there was a valid and unconditional delivery of the note in suit, and that the trial court should have granted the motion of the plaintiff, appellant, made at the close of the evidence, for the direction of a verdict in plaintiff's favor for the balance due on the note and interest. There was no dispute whatever that the note was delivered. It having passed out of the hands of the maker, a valid and unconditional delivery by him will be presumed until the contrary is proved. (Neg. Inst. Law, § 35; *Pfister* v. *Heins*, 136 App. Div. 457, 461; *Madden* v. *Gaston*, 137 id. 294.) As to the note itself, there was no ambiguity in its terms. It was an ordinary note of hand for the payment of $51,400.22 three months after date. It is, however, the contention of the defendant that the delivery of the note was conditional, and that the note was delivered to the plaintiff's son upon conditions stated in the letter prepared by defendant and signed by the son at the time of the delivery of the note, and that such conditions were conditions precedent, and that it was permissible for defendant to offer parol evidence as to such conditions precedent under which said note was delivered. We can see no ambiguity whatever in the terms of the letter signed by testator's son at the time of the delivery of the note in suit. The letter is an acknowledgment of the delivery of the note in suit, and that it is in settlement of the account on the reverse side of the sheet, which had been prepared by testator and which the son presented to the defendant at the time of demanding the note. The statement of the indebtedness owing by defendant to testator, signed by the latter, upon the reverse side of which the letter in question appeared, states in debit and credit form the amount due to the testator, showing the balance to be $51,400.22. Included in this balance was the note for $30,000 referred to in the letter, which had been previously given by the defendant and which was to be returned to the defendant upon the payment of the note in suit. It was stated in this letter that the defendant claimed some items of

account of moneys spent in connection with matters between the testator and himself, and in which they were interested, which were left for later settlement. The defendant testified at the trial that this letter embodied the entire understanding between the parties. Any possible condition attached to the delivery of the note was clearly a condition subsequent and not a condition precedent. The trial justice, over the objection and exception of counsel for plaintiff, permitted the defendant to give parol evidence as to conversations alleged to have occurred between the testator's son and himself prior to the execution of the note in suit. Any and all negotiations leading up to the execution of the note were, in our opinion, clearly merged in the note itself. Parol evidence is admissible to show that a written paper, if not a complete contract, of which there has been a manual delivery, was, nevertheless, not to become a binding contract until the performance of some condition precedent resting in parol. But in this case there was no condition precedent to the delivery of the note in suit. Parol evidence is only admissible to show a conditional delivery which is not to become absolute until the happening of some condition precedent. It has no application whatever to a delivery which may be defeated by subsequent contingencies. (*Jamestown Business College Assn.* v. *Allen*, 172 N. Y. 291.) We think the letter in question, short of showing a conditional delivery, clearly demonstrates that the note in suit was unconditionally delivered and became a valid obligation of the defendant. The letter in question, signed by testator's son, acknowledges delivery of the note in suit " in settlement of account on reverse side this sheet." The account on the reverse side, rendered by testator, states that the account is " a list of what you owe me " and contains the item " Note at Hudson Trust Co., $30,000," and the letter contains a promise to pay that note "from proceeds of note of $51,400.22 executed herewith." The letter then follows with the statement that the writer understands that the defendant has some items of account of moneys spent in connection with matters in which the testator and defendant have been interested " which are to be later settled." The letter closes with the promise that on the return of the testator the writer will furnish the defendant with complete details of the statement of account. Surely there is nothing anywhere to be found in this letter suggesting a conditional delivery of the note in suit, but, on the contrary, it appears therefrom that there was a valid and unconditional delivery thereof. The note was clearly made by defendant in settlement of the balance he owed the testator. We are, therefore, of the opinion that the court erred in receiving parol evidence with reference to

the delivery of the note in suit, and that the court should have granted the motion of plaintiff's attorney to strike out the same as incompetent.

Another strong circumstance showing that there was a valid and unconditional delivery of the note in suit is the fact that the defendant afterwards fully recognized the validity of the note as his outstanding obligation. When he was threatened by the attorneys for plaintiff with suit upon the note he addressed to the plaintiff the telegram above quoted. In this telegram the defendant made no claim that the note was invalid or that it had been conditionally delivered. In this telegram the defendant applied to plaintiff for an extension of time to pay the note, asking that the time of payment be extended until the following August, when he would be financially able to meet it, and asked the plaintiff to wire him a message that he could submit to her lawyer that the extension of time which he asked would be granted. Shortly thereafter, having failed to obtain such extension, the defendant gave five checks for $1,000 each to apply upon the principal and interest on the note and received back a receipt stating that the $5,000 was " to be applied on account of principal and interest of note payable to the order of Joseph L. Rhinock, dated January 28, 1926, for the sum of Fifty-one thousand four hundred and 22/100 ($51,400.22) Dollars; balance of claim to be paid on or before the end of August, 1927." We think the application to the plaintiff for an extension of time for payment of the note, without any suggestion on the part of defendant that the note was invalid or that there was any defense thereto, and his subsequent payment of $5,000 in response to the demand of the plaintiff's attorneys for payment of " a promissory note of yours in the sum of $51,400.22," constitutes evidence of the utmost significance against the present claim of the defendant.

" Part payment of a debt by a debtor constitutes an admission by the person obligated to pay, of his liability for the whole debt upon which the partial payment is made, and justifies an inference of a new promise made at that time to pay the portion remaining unpaid." (*Murdock* v. *Waterman*, 145 N. Y. 55, 63.)

In our opinion the evidence presented no question of fact which should have been submitted to the jury. The court should have granted the motion of the plaintiff, made at the end of the case, to strike out the parol evidence with reference to the circumstances surrounding the delivery of the note, and a verdict should have been directed in plaintiff's favor for the balance due upon the note in suit, with interest.

The judgment and order appealed from should be reversed,

with costs, and the plaintiff should have judgment for the balance due on the note in suit, with interest and costs.

MCAVOY and PROSKAUER, JJ., concur; DOWLING, P. J., and FINCH, J., dissent.

FINCH, J. (dissenting). The learned justice at Trial Term properly submitted the issues of fact to the jury. The judgment entered thereon should be affirmed.

The action was brought by the executrix of a deceased payee of a promissory note against the maker. The latter defended upon the ground that there had been a conditional delivery of the note and that the condition had not been performed. Whether in fact there had been such conditional delivery was the issue submitted to the jury and they found for the defendant.

The only questions, therefore, are (1) whether there was error in the reception of evidence, and (2) if not, whether the verdict is against the weight of the evidence. Taking up first the alleged error in the admission of evidence, should the oral testimony of the defendant as to the agreement of the parties at the time the note was given have been excluded? Since this is a suit by the payee of the note against the maker, such conditional delivery may be proven by parol evidence (*Niblock* v. *Sprague*, 200 N. Y. 390, 393), unless such evidence contradicts the writing. (*Jamestown Business College Association* v. *Allen*, 172 N. Y. 291.) In the case at bar, however, no question arises as to an oral contradiction of the note, and hence the fact that the condition is a subsequent one rather than precedent, is immaterial, since, as noted, the parties at the time of the giving of the note also entered into a written agreement reading as follows:

" Mr. E. F. SIMMS:

" DEAR SIR.— This acknowledges you have handed me today your three months note for $51,400.22 payable to the order of Joseph L. Rhinock at Empire Trust Co., Hudson Branch, 39th & Broadway, in settlement of account on reverse side this sheet. I will hand you back your note for $30,000.00 mentioned in said account, when same is made which I am to do from proceeds of note of $51,400.22 executed herewith.

" I understand you have some items of account of moneys spent in connection with matters J. L. Rhinock and yourself have been interested in which you have paid which are to be later settled. On return of J. L. Rhinock will furnish you complete details of within statement.

" Yours truly,

" *Jan. 28th*, 1926." " (Signed) FRANK P. RHINOCK.

This agreement not only provided that the payee would on his part settle for what he owed — " I understand you have some items of account of moneys spent in connection with matters J. L. Rhinock and yourself have been interested in which you have paid which are to be later settled "— but also provided that the payee would upon his return " furnish you complete details of within statement." This latter has never been done and its meaning coincides with testimony of the defendant that when this blind bill was presented, he gave the note in suit in answer to the bill because the payee wanted to use the note immediately at his bank, but that as between the parties the payee would furnish complete details of the blind accounts, as for example, " for various advances, expenses, etc., $9,169.84." Such action would be natural between close business associates, where one believed he owed a certain amount but was uncertain as to the true amount and was perfectly willing to accommodate the other party until the latter itemized the bill. The defendant testified: " He then asked me to give him the note for his father to use for his accommodation, on the condition that he would furnish me a detailed statement of these charges which he had set up on this paper that he had presented me with. * * * "

The written agreement between the parties is indefinite in that it states the note is given in payment of an account and also provides for complete details to be furnished by the payee upon his return. Oral evidence was thus permissible to show the whole agreement. As was said in *Smathers* v. *Standard Oil Co.* (199 App. Div. 368, 371): " It is a mere commonplace to reiterate the law that in the case of a written contract whose meaning is clearly ascertainable from its language the court will not look beyond the provisions expressed therein and that no evidence of prior negotiations leading up to its execution is admissible to contradict or vary its plain terms.

" It is, however, equally well settled that where the language of a contract is ambiguous, indefinite or uncertain in its meaning, extrinsic evidence of the circumstances attending its execution will be permitted to reach the intent of the parties in making it."

Defendant urges that the court should have construed the written agreement as meaning only that the defendant could counterclaim for any items which he had overpaid. There are two answers to this contention which seem controlling: *First*, that the written agreement expressly provides that the payee will furnish complete details and moreover it is an unnatural construction to hold that the defendant assumed the burden of disproving blind amounts billed by the plaintiff, rather than the natural

burden of making the plaintiff show what the items of his bill represented. *Second*, the written agreement not only expressly provided that defendant could counterclaim for the amounts which he had spent, but also further provided, as noted, that the plaintiff would furnish " complete details of within statement." Much emphasis is likewise placed by the appellant upon the fact that the defendant made a payment of $5,000, the appellant urging that this was on account of the note and hence a complete refutation of the defense of a conditional delivery. Whether this payment was really intended to apply against the note or against the unliquidated claim of the plaintiff, presented one of the issues of fact submitted to the jury. The written receipt refers to both the note and " balance of claim." The expression " balance of claim " is ambiguous. Whether it refers to the balance due on the note, as assumed as the only meaning by the appellant, or refers to an unliquidated claim, details of which were expressly promised by the written agreement concededly entered into by the parties at the time of the delivery of the note, was one of the issues for the jury.

The plaintiff next urges that the telegram of the defendant to the plaintiff admitted complete liability on the defendant's part, but this was only a piece of evidence bearing on the issues of fact and is as consistent with a request for postponement of the accounting by the plaintiff, at which time the defendant frankly conceded that something would doubtless be due the plaintiff, as it is with an admission of full liability on the note. It thus appears that the plaintiff had an unliquidated claim against the defendant and said claim was not liquidated by the delivery of the note. The plaintiff, however, made no attempt to prove said claim but relied entirely upon the note, as apparently the items are tainted with illegality and as such might be uncollectible. The note, therefore, having been delivered for a special purpose only, namely, for the accommodation of the plaintiff's testator, pending an adjustment of the accounts between the parties, was not enforcible by the plaintiff free from the condition upon which it was given. Both by the writing and the oral evidence the defendant is entitled to an itemization of the bill before he has to pay the note.

We next come to the question whether the verdict is against the weight of the evidence. What has already been written shows that the verdict is in accordance with the evidence. It is only necessary to add that the only other person who could have contradicted the defendant, namely, the son of the payee, who con-

322

cededly made the written agreement with the defendant, did not choose to deny the facts as sworn to by the defendant, namely, that the note was delivered upon a condition.

It follows that the judgment and order should be affirmed, with costs.

Dowling, P. J., concurs.

Judgment and order reversed, with costs, and judgment directed in favor of the plaintiff for the balance due on the note in suit, with interest and costs. Settle order on notice.