STATE BANK OF NEWFANE, Plaintiff, *v.* HERBERT L. LAUTZ and Another, Defendants.

Supreme Court, Niagara County, August 14, 1931.

*David Tice*, for the plaintiff.

*Hopkins, Brim & Hopkins*, for the defendant Lautz.

HORTON, J. This is a motion for summary judgment under rule 113 of the Rules of Civil Practice. The action is upon a promissory note. The amended answer of defendant Lautz admits the making of the note, but alleges that it was made without consideration, and alleges as a further defense that the note was made by him for the accommodation of the codefendant Newfane Growers Co-operative Association, Inc., and for the purpose of lending his name to the payee under the conditions that his note and the notes of the other members of the association in like amount were given to enable the co-operative association to procure credit at the plaintiff bank, but that the members did not intend that they should be liable to the extent of $1,000, the amount named in the notes, but that their liability should be only the *pro rata* share of the indebtedness of the association to the bank and that the bank agreed that so long as it held the notes of the members of the association, it would renew the obligations of the association to it and would not resort to the security of the note of defendant or of the other members until the resources of the association had been completely exhausted; that it failed to comply with these conditions and that the defendant, therefore, owes it nothing.

The defendant, in opposition to the motion, refers to the well-known rule that a note or other written agreement to be enforcible, although manually delivered, must also actually have been delivered for the purpose of giving it effect as a valid existing contract, citing *Garfield National Bank* v. *Colwell* (57 Hun, 169) and *Higgins* v. *Ridgway* (153 N. Y. 130), and argues that the defendant had the right to impose conditions upon his delivery of the note, the observance of which was essential to its validity.

There is no question that this proposition is well established, and also that manual transfer of an instrument, in form a complete contract, does not bar parol evidence that the transfer was for a special purpose, or that it was not to become binding until the happening of some condition precedent resting in parol. (*Grannis* v. *Stevens*, 216 N. Y. 583, 587.)

This rule does not apply here, however, as there was not a conditional delivery in this case but an absolute delivery with an alleged parol agreement (called in the answer conditions or restrictions), having to do, not with the taking effect of the instrument itself, but rather with a possible change in the amount called for by the note. The amended answer alleges conditions subsequent, not conditions precedent. The case comes, therefore, rather under the rule set forth in *Grannis* v. *Stevens* (*supra*, 588): " Whenever there has been a delivery of the instrument for the purpose of giving it such effect (according to its terms), it becomes a present

and completed contract, and parol evidence cannot be given to contradict, vary or modify its terms."

The only part of the answer which raises any question as to this is the allegation that the plaintiff bank agreed that it would not resort to defendant's note until the resources of the defendant association had been completely exhausted. There is no allegation that such resources had not been completely exhausted before this action was brought.

Motion for summary judgment granted, with costs.