THE SALT SPRINGS NATIONAL BANK OF SYRACUSE, NEW YORK, Plaintiff, *v.* T. EUGENE HITCHCOCK and Another, Defendants.

Supreme Court, Onondaga County, August 2, 1932.

*Murphy, Mawhinney & Young* [*Joseph B. Murphy* and *Philip T. Young* of counsel], for the plaintiff.

*David O. Decker*, for the defendant J. Robert Rubin.

*Samuel S. Rosensohn* [*Milton Macht* of counsel], for the defendant T. Eugene Hitchcock.

LEWIS, EDMUND H., J.   The plaintiff's suit is upon a promissory note in the amount of $40,000 of which W. P. Hitchcock Co., a corporation, is the maker and the defendants are accommodation indorsers.

The plaintiff moves to strike out defendants' answers and the counterclaims therein contained, upon the ground that they are sham, frivolous and insufficient in law, and for summary judgment under rule 113 of the Rules of Civil Practice.   The defendant Rubin simultaneously moves for leave to serve an amended answer in which he attempts to set up a complete defense not pleaded in his original answer.   The plaintiff opposes this motion upon the ground that the alleged new and complete defense tendered by the proposed amended answer is sham and insufficient in law.

I shall first consider the defendants' answers which were served on May 7, 1932, and are substantially identical in form and content.

The defendants admit that the note in suit was made; that before delivery and maturity thereof defendants indorsed the same for value, and thereupon it was delivered to and discounted with the plaintiff, which is now the owner and holder thereof.   It is further admitted that following maturity the note was duly protested for non-payment.   The defendants deny, however, that there is any amount due upon said note in excess of $19,500, with interest from January 15, 1932.

By way of a "first, separate and partial defense," the defendants alleged that they were respectively accommodation indorsers. Such a defense is without legal merit and may be disregarded. (*Lordi Construction Co., Inc.*, v. *Armstrong*, 130 Misc. 904; *Packard* v. *Windholz*, 88 App. Div. 365; affd., 180 N. Y. 549.)

As a "second separate and partial defense and for a counterclaim," the defendants allege that on January 20, 1932, and after the note which is the subject of this action became due, the maker, W. P. Hitchcock Co., had on deposit with the plaintiff $10,000, on which date the maker directed the plaintiff to apply such deposit to the payment of said note.   It is further alleged that the plaintiff refused so to do, but without the knowledge or consent of the defendants as accommodation indorsers the plaintiff applied the deposit to other notes held against the maker which were not then due.   By reason of this transaction the defendants claim their

liability on the note involved herein was released and canceled to the extent of $10,000.

Without considering the merits of this alleged defense and counterclaim, I conclude that it is not available to the defendants who are sued here as indorsers. Such a defense, if it has the support of requisite facts, might be available to the maker of the note as principal; it cannot be availed of in an action at law where the accommodation indorsers are sued as sureties.

" A party when sued upon his obligation cannot avail himself of an independent cause of action existing in favor of his principal against the plaintiff as a defense or counterclaim. It is for the principal to determine what use he will make thereof and the surety has no control over him in this respect." (*Elliott* v. *Brady* 192 N. Y. 221, 226; *Gillespie* v. *Torrance*, 25 id. 306.)

The rule was restated by Judge W. S. ANDREWS, writing for the Court of Appeals in *Ettlinger* v. *National Surety Co.* (221 N. Y. 467).

As a " third and further separate and partial defense and for a counterclaim," the defendants allege that after said note became due the maker, W. P. Hitchcock Co., had in its possession three life insurance policies having a total cash surrender value in excess of $10,500; that between January 20 and February 8, 1932, the maker directed the plaintiff to apply said policies to the payment of the note and to hold the same as collateral security therefor; that plaintiff refused and failed to do so, and by reason of such failure the defendants were damaged to the extent of $10,500.

The same rule of law to which reference has been made above, which makes the second partial defense alleged in their answers unavailable to the defendants, applies with equal force to this third partial defense. (*Gillespie* v. *Torrance, supra; Elliott* v. *Brady, supra; Ettlinger* v. *National Surety Co., supra.*)

In this connection it is worthy of note that the plaintiff, holding the insurance policies as a pledge, had the right to rely upon the primary obligation afforded by the note before resorting to the collateral security. (*Gilleran* v. *Owens*, 182 App. Div. 580, 583; *Kosatzky* v. *Robinson*, 132 Misc. 819, 821.)

The proposed amended answer which the defendant Rubin asks leave to serve will not defeat the plaintiff's motion for summary judgment, if proof to support its allegations will be inadmissible upon a trial of this action. (*Hodgens* v. *Jennings*, 148 App. Div. 879; *Garcin* v. *Granville Iron Corp.*, 137 Misc. 648.)

I have examined the proposed answer and conclude that the alleged oral agreement which it attempts to set forth constitutes a condition subsequent, and accordingly could not be proven upon a trial. Assuming, for the purpose of this statement only, that

the allegations of defendant Rubin's proposed amended answer are true and that there were negotiations and conferences leading up to the making, delivery and discounting of the original note in 1929, of which the note in suit is a remote renewal, those negotiations and any oral agreement which grew out of them were merged in the original note itself. The manual delivery of that original note was not subject to a condition precedent. If there were any conditions affecting the note growing out of the alleged prior parol agreement, they were conditions subsequent,— subsequent contingencies which defendant Rubin claims affected the validity of the note as a binding obligation upon him. As to such a condition subsequent, parol evidence cannot be given upon the trial. All conditions except those which were precedent to its delivery were merged in the note itself.

" Parol evidence is only admissible to show a conditional delivery which is not to become absolute until the happening of some condition precedent. *It has no application whatever to a delivery which may be defeated by subsequent contingencies.*" (*Rhinock* v. *Simms*, 226 App. Div. 313, 317; affd., 253 N. Y. 602; *Jamestown Business College Association* v. *Allen*, 172 id. 291; *Grannis* v. *Stevens*, 216 id. 583; *State Bank of Newfane* v. *Lautz*, 141 Misc. 276.)

The argument advanced by the defendant Rubin in support of his proposed amended answer lays emphasis upon the ruling by the Court of Appeals in *Benjamin* v. *Rogers* (126 N. Y. 60). There the agreement, as I analyze it, was clearly a condition precedent which, as the court indicates, designated the person who was to be the obligee of the note. That condition, fixed by the accommodation indorser, was to be effective prior to the delivery of the note, and accordingly affected the inception of the obligation. Being a condition precedent,— not subsequent, it was accordingly properly the subject of parol evidence upon the trial.

What has been said pertains to the original note delivered to the plaintiff and discounted July 11, 1929. After the maturity of the original note the record discloses that four successive renewal notes,— identical in form with the original note of 1929, were executed and delivered. Each of them was signed by the defendant Rubin as an accommodation indorser and, so far as the record discloses, no question was ever raised by him as to the use to which the proceeds of the original note, or any of its renewals, had been put, although there is proof that he conferred with the officers of the plaintiff bank in regard to the obligation, and in one instance early in the year 1932, advised them that he proposed to make a payment upon the note. The record indicates that no mention was made at the times when renewal notes were indorsed that

his indorsement was restricted or conditional. It was not until this action at law was commenced and after his original answer was served that the defendant Rubin brought forward this alleged defense. By that time the maker, W. P. Hitchcock Company, had been adjudged a bankrupt.

It is argued on behalf of the defendant Rubin that over this period of three years in which he signed four renewal notes identical to the first instrument, there was nothing to excite his suspicion that the agreement, which he claims attached to the original note, had not been carried out. As to that argument it seems incredible that when the defendant Rubin on four successive occasions at intervals of six months loaned his credit to W. P. Hitchcock Company by signing its paper as an accommodation indorser, he should have forgotten or paid no heed to what he now defensively asserts was the essential feature of the original transaction. To repeatedly indorse a note for $40,000 creates a risk of such magnitude as to make sustained forgetfulness or heedlessness quite improbable.

The cumulative force of these circumstances leads me to the conclusion that the proposed defense is sham. It is interposed at this late date for the purpose of delay, and accordingly does not meet with the favor of the court. It is founded upon an alleged agreement which is a condition subsequent to delivery of the note in suit, and accordingly would be incompetent as proof herein.

The defendants have failed to satisfy the court by affidavit or other proof properly to be considered that their defenses set forth in their respective answers are based upon law or facts from which " an arguable defense " may be presented upon a trial. (*Barrett* v. *Jacobs*, 255 N. Y. 520.)

Rule 113 of the Rules of Civil Practice, which fixes the conditions under which summary judgment may be granted, applies as well to counterclaims as to defenses. (*Chelsea Exchange Bank* v. *Munoz*, 202 App. Div. 702; *Gordon Corp.* v. *Cosman*, 232 id. 280, 285.)

To grant plaintiff's motion for summary judgment " there must be a failure on the part of the defendant to satisfy the court ' by affidavit or other proof ' that there is any basis for his denial or any truth in his defense." (*Curry* v. *Mackenzie*, 239 N. Y. 267, 269.) I so find upon the record before me.

The motion by the defendant Rubin for leave to serve an amended answer is denied, with motion costs. The motion by the plaintiff to strike out defendants' answers and for summary judgment under rule 113 of the Rules of Civil Practice is granted, with motion costs.

Orders accordingly.