T. ALFRED McGRANE, Plaintiff, *v.* WILLIAM A. McGRANE et al., Defendants.

Supreme Court, Special Term, Kings County, August 17, 1949.

*Gross & Keck* for defendants.

*Smith & Reiher* for plaintiff.

GIACCONE, J. Pursuant to rule 106 of the Rules of Civil Practice, the defendants move to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint herein is based on an alleged conspiracy of the defendants, in violation of a certain agreement between the parties to this action to deprive the plaintiff of his rights in a certain corporation.

The law takes no cognizance of a conspiracy confined to a state of mind or to an inoperative understanding. The mischief must be set afoot to do injury; then the law steps in. In criminal law, it must be by an overt act. In a civil action the charge must be in a form that avoids the operation of rule 106 of the Rules of Civil Practice. A conspiracy of the kind complained of has either a wrong for its goal or seeks to achieve its objective by the commission of wrongful acts. It is the wrongful act which constitutes the wrong. It is from action that one seeks to spell out the intent to do injury. Insofar as a civil action in fraud is concerned the principle underlying rule 106 of the Rules of Civil Practice is salutary and indispensable in a community that offers so much litigation for the consideration of the courts. It seeks to limit within the range of facts the nature of the issues involved; it determines the position of the plaintiff in the controversy and, in turn, it not only informs the defendant

accurately as to the allegations that he must meet but it also serves to determine the nature and extent of his opposition. This procedure is conducive not only to simplification and to expeditiousness but to fairness and justice. The vagueness and evasiveness of conclusions are thus avoided, as is also eliminated the production of sterile controversy on a level beyond actual facts. The court finds that the complaint in this case is fatally defective in violation of the rule.

The practice of pleading facts instead of conclusions is too well established to require citation of authorities. The court finds that throughout the complaint the plaintiff has alleged conclusions but that he has failed to support them by such factual matter as would be required under the rule. No fraud can be spelled out of the facts recited — the alleged agreement between the plaintiff and defendants, the transfers of the shares of common stock, the election of the directors and the officers. Between that meager recital of facts, insufficient of themselves to make out plaintiff's case, and the conclusions of wrong and injury that are spread throughout the complaint, there is a break which is fatal to the pleading.

Motion granted, with privilege to plaintiff to file amended complaint within ten days.