Irving H. Saypol, J.
The plaintiff moves, pursuant to rule 113 of the Rules of Civil Practice, and section 476 of the Civil Practice Act, to strike out the answer and for judgment, and pursuant to rule 109 to strike out the counterclaim for insufficiency. The action is brought to recover a balance due upon the purchase price of gas ranges sold and delivered to the defendant. The claim is admitted. Although the counterclaim is stated in equity and seeks damages in an amount greater than the plaintiff’s claim, it is nevertheless invalid. This counterclaim is an action within the purview of subdivision 3 of rule 113. (Salt Springs Nat. Bank of Syracuse v. Hitchcock, 144 Misc. 547, revd. on other grounds 238 App. Div. 150.) Here, the defendant has submitted no proof to support it.
The counterclaim is based on alleged conspiratorial violations of section 340 of the General Business Law and section 580 of the Penal Law and seeks equitable relief and damages. The defendant, a wholesaler and retailer of gas ranges alleges that the plaintiff, another manufacturer of gas ranges, and three wholesalers and retailers, competitors of the defendant, conspired that the plaintiff should refuse to sell ranges to the defendant and that the plaintiff failed and refused to do so pursuant to the conspiracy. Statement of facts of the tortious acts included in the conspiracy are essential to a validly stated cause of action (Park & Sons Co. v. National Wholesale Druggists’ Assn., 175 N. Y. 1; Miller v. Spitzer, 224 App. Div. 39; McGrane v. McGrane, 195 Misc. 868). The defendant alleges the amount of business previously done with the plaintiff, without showing its relation to the whole of the defendant’s business. It alleges further in general conclusory fashion that the plaintiff, in concert with others, conspired, by withholding its product from the defendant, to restrain and prevent competition by it and its freedom in marketing, purchasing, and selling gas ranges but without further factual allegations that the plaintiff’s product was unique or indispensable to such activities or from which it could be inferred that the withdrawal of the plaintiff’s product, whether voluntary or by concerted action, would have that effect. Further, the allegations do not lend support to any inference that the claimed concerted action brought to bear such economic power resulting in that magnitude of stifled competition necessary to constitute a violation of the statutes. Certainly there is no intimation in the counterclaim that the defendant was forced out of business. The claim of loss of profits realizable from the sale of ranges withheld is innocuous, for as has been said nothing' contained in the pleading warrants the inference that the plaintiff’s product was indispensable to the realization of such profits *941 and that no other product was available, so that the defendant was thus ousted from a fair competitive position. In short, while the defendant was excluded by the plaintiff’s exercise of competitive practice, it does not follow from the allegations that the defendant was also injured or ruined. There must be allegation that in addition to the mere exclusion there is proof which would sustain a claim that the action had a necessary and final effect unlawfully to stifle competition and produce injury. Here at most is the defendant’s conclusory allegation of nothing more than plaintiff’s acts in freely refusing to sell its products to the defendant (Alexander’s Dept. Stores v. Ohrbach’s Inc., 266 App. Div. 535, appeal dismissed 291 N. Y. 707). The failure to allege either that the plaintiff had a monopoly or that its product was not otherwise obtainable or that the plaintiff’s product was imperatively necessary for the continued maintenance of the defendant’s competitive position is fatal (Locker v. American Tobacco Co., 121 App. Div. 443; cf. Alexander’s Dept. Stores v. Ohrbach’s Inc., supra). Furthermore, no proof of such facts is submitted in opposition to the motion pursuant to rule 113. The motion is granted. Settle order.